Blaine v. Poyer.

JOHN BLAINE v. JOHN A. POYER.

FILED NOVEMBER 9, 1894.    No. 5569.

1. **Stipulation to Admit Affidavit for Continuance as Evidence of Absent Witness:** EXCLUDING TESTIMONY: REVIEW.    Where a litigant files an application for a continuance on the ground of the absence of a material witness, and the adverse party stipulates in open court that if the application for a continuance be overruled, the affidavit made for a continuance may be read on the trial as the evidence of the absent witness, such stipulation is valid and binding, and every fact which it is alleged in the affidavit the absent witness would testify to which is competent, material, and relevant testimony under the issues the applicant for a continuance is entitled to read from the affidavit in evidence to the jury, and it is reversible error for the court to exclude such evidence.

2. **Evidence:** AFFIDAVIT FOR CONTINUANCE.    And in such case

the facts which the affidavit alleged the absent witness would testify to are not incompetent, irrelevant, immaterial, or improper evidence, because such facts are stated in the form of a conclusion.

ERROR from the district court of Webster county. Tried below before BEALL, J.

*George R. Chaney*, for plaintiff in error.

*James McNeny, contra.*

RAGAN, C.

On the 1st day of January, 1891, one John A. Poyer made and delivered his promissory note for $202 to one S. B. Smith, and to secure the payment of said note, on the 16th of March, 1891, made and delivered to said Smith a chattel mortgage upon certain personal property. Smith afterwards sold, indorsed, and delivered this note to John Blaine, who brought this action in replevin in the district court of Webster county against Poyer. Blaine set out in his petition that he had a special ownership in the property replevied, and was entitled to the immediate possession thereof by virtue of his ownership of the note and chattel mortgage given to secure its payment, executed by Poyer to Smith as aforesaid. He also alleged in his petition that he purchased said note in the usual and ordinary course of business, before the maturity thereof, for a valuable consideration. The defense of Poyer to the action was that the note was tainted with usury, and that Blaine was not an innocent purchaser of the note. When the term of court convened at which the action was tried Blaine filed an affidavit for a continuance of the case on account of the absence of Smith, the original payee of the note, and who, Blaine alleged, was a material witness for him, and without whose testimony he could not safely go to trial. He also alleged in this affidavit: "Said Smith will testify that plaintiff is an innocent purchaser of the note and mortgage mentioned

and described in plaintiff's affidavit of replevin in this case; that he purchased the same without notice of any defect therein, before due, and in the usual course of business; that said Poyer owes said note and has no offset or defense to the same whatever; that the debt secured by said mortgage is just and valid, and that said Poyer has never paid the same or any part thereof, and that he has no offset or counter-claim or any other defense against said note, even if it were now in his, Smith's, hands, instead of plaintiff's; that plaintiff paid a valuable consideration for said note to said Smith, who is the payee thereof." The record recites that it was agreed in open court as a condition to the overruling of Blaine's application for a continuance that the affidavit made by him to procure such continuance should be read in evidence on the trial as the evidence of Smith. The motion for the continuance was, therefore, overruled. When the case came up for trial to the jury, counsel for Blaine offered to read his affidavit made for a continuance in evidence to the jury. That part of his affidavit quoted above was objected to by counsel for Poyer, and the objection sustained. This evidence was competent, material, and relevant under the issues in the case. To procure this evidence Blaine had filed a motion for a continuance of his case, and in order that such motion might be overruled and the case come on for trial at once, counsel for Poyer had stipulated in open court that this affidavit of Blaine might be read in evidence on the trial. This was correct practice, and the stipulation was valid and binding on Poyer. By reason of this stipulation, every fact which Blaine alleged in his affidavit for a continuance that he expected to prove or could prove by Smith which was competent, material, and relevant testimony under the issues he was entitled to read to the jury from his affidavit as the evidence of Smith himself. This evidence was not incompetent, immaterial, irrelevant, or improper, under the stipulation and the circumstances of this case, because

Blaine stated the facts which he expected to, or could prove by Smith in the form of a conclusion. The learned judge of the district court erred in excluding the testimony offered. The judgment of the district court is reversed and the case remanded with instructions to set aside the verdict and judgment and grant the plaintiff in error a new trial.

REVERSED AND REMANDED.